UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| In re: | ) | |
|  | ) | Chapter 7 |
| Financial Resources | ) | Involuntary |
| Mortgage, Inc. | ) | 09-14565- |
|  | ) | |
| Alleged Debtor | ) | |

**EXPEDITED MOTION OF THE STATE OF NEW HAMPSHIRE, PETITIONER FOR ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT INTERIM TRUSTEE**

The State of New Hampshire Banking Department, by its attorneys, the Office of the Attorney General, hereby moves the Court, to enter an order directing the United States Trustee to appoint an interim trustee in this case pursuant to Bankruptcy Code § 303(g). An interim trustee is necessary because the Alleged Debtor's business and property have been abandoned by its owner and assets have been removed or are being lost to creditors. In support hereof, the State submits the Declaration of Richard Tracy and respectfully represents as follows:

1. The Alleged Debtor in this case and the Alleged Debtor in a related case, C L and M, Inc. share an address and space at premises in Meredith, New Hampshire. They conducted business together arranging, funding, and servicing commercial and residential real estate mortgages.

2. On November 10, 2009, the State learned that the Alleged Debtor's principal, Scott Farah, had abandoned his business premises at 15 Northview Drive,

Meredith, New Hampshire and removed files, records, personal effects, and furnishings.

2. Upon information and belief, the Alleged Debtor's sole owner, sole officer and sole director is Mr. Scott Farah.

3. As of the date of this motion, individuals claiming lost investments and other claims owed by the Alleged Debtor totaling approximately $23 million have come forward to the State. In addition, a number of mortgagors have come forward, as well as a construction contractor.

4. State investigators went to the Alleged Debtor's premises on November 10, 2009, and learned that the Alleged Debtor had left the building and two safes open and unsecured, files were strewn about and cabinets opened and tipped over, and furniture had been removed. The State has since changed the locks and secured the premises from intrusion.

5. No employees were present during the inspection of the premises though the office manager appeared for a short time and another came to collect personal belongings. Mr. Farah has, upon information and belief, left the state. The Alleged Debtor's affairs are under investigation by the Federal Bureau of Investigation for possible criminal activity.

6. Upon information and belief, there has been a race to the courthouse by creditors seeking attachments to secure their claims. One law firm has posted a web banner advertisement encouraging investors to contact them and asserting that it has obtained temporary orders from the Belknap Superior Court and that it is collecting and escrowing payments due to CL and M. ***See***

[http://www.shaheengordon.com/uncategorized/court-grants-order-against-financial-resources-mortgage-inc-c-l-and-m-inc-scott-farah-and-donald-dodge.html?gclid=CIHbpbnnl54CFc5L5Qod8jQzpA](http://www.shaheengordon.com/uncategorized/court-grants-order-against-financial-resources-mortgage-inc-c-l-and-m-inc-scott-farah-and-donald-dodge.html?gclid=CIHbpbnnl54CFc5L5Qod8jQzpA)

7. Pursuant to Bankruptcy Code § 303(g) the Court may order the United States Trustee to appoint an interim trustee "if necessary to preserve the property of the estate or to prevent loss to the estate" during the gap period. See, e.g., In re R.S. Grist Co., 16 B.R. 872, 872-73 (S.D. Fla. 1982); In re Tradex Swiss AG, 2007 WL 4374438 *2 (Bankr. D. Mass. 2007); James Plaza Joint Venture, 62 B.R. 959, 963 (Bankr. S.D. Tex. 1986).

8. The State has a valid non-contingent non-disputed claim and several other creditors have joined in the involuntary petition against the Alleged Debtor. The petitioners' claims are non-contingent, made in good faith and, as far as is known, not disputed as to amount or liability.

9. Appointment of an interim trustee in this case is important and necessary where the Alleged Debtor's business is essentially abandoned, valuable property was left unsecured, creditors are taking action nearly unimpeded. The best interests of all the creditors would be met by protecting the assets during the gap period to preserve the estate for subsequent administration in bankruptcy.

10. The Office of the United States Trustee has been contacted and assents to the relief requested.

Wherefore, the State prays that this Court enter an order directing the United States Trustee to appoint an interim trustee pursuant to 11 U.S.C. § 701, and granting such other and further relief as may be just.

Dated: November 20, 2009

Respectfully Submitted,

STATE OF NEW HAMPSHIRE
BANKING DEPARTMENT

MICHAEL A. DELANEY
ATTORNEY GENERAL


 /s/ Peter C.L. Roth
Peter C. L. Roth, Bar No. 14395
Senior Assistant Attorney General
Environmental Protection Bureau
33 Capitol Street
Concord, New Hampshire 03301
(603) 271-3679

## CERTIFICATE OF SERVICE

       I, Peter C.L. Roth, do hereby certify that on November 20, 2009, I caused the foregoing to be served on the Alleged Debtors' counsel Michael Ramsdell, by electronic mail, and upon the United States Trustee by ECF.

Dated: November 20, 2009                  /s/ Peter C.L. Roth_____
                                                  Peter C.L. Roth